UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-21622-CIV-MOORE/SIMONTON
(99-125-CR-MOORE)

**MICHAEL G. HARPER,**

    Movant,

v.

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

### ORDER DENYING MOVANT'S MOTION TO ALLOW LORENZO FLINT TO TESTIFY IN COURT VIA TELEPHONE

**Presently pending before this Court is Movant's Motion to Allow Lorenzo Flint to Testify in Court via Telephone, filed July 21, 2010 (DE # 26).  The motion states that the government has been contacted by telephone and takes no position on the motion.  This matter is referred to the undersigned Magistrate Judge (DE # 6).**

**Movant asks that prisoner Lorenzo Flint be allowed to testify by telephone at the August 3, 2010 evidentiary hearing because there is insufficient time to get Flint brought to Court by use of a writ.  Movant asserts that Flint is a necessary witness regarding the murder of Benny Brownlee.  While Flint would be able to testify by telephone, teleconferencing is unavailable at the institution in which Flint is incarcerated (DE # 26).**

**The motion is denied.  The undersigned is not prepared to judge the credibility and veracity of a witness who cannot be seen, but only heard over the telephone.  Moreover, there is no reason that Movant could not have had Flint present in person to testify, by timely use of a writ.  Movant has known of Flint since the inception of this action, as evidenced by Flint's letter attached to Movant's initial memorandum of law.  *See* DE # 2 at 43-44.  Flint is also mentioned in the memorandum of law as a possible**

witness concerning the veracity of Johnny Hankins, the trial witness who connected Movant with the murder of Benny Brownlee (DE # 2 at 7).[1]  The memorandum of law was filed in June 2008, and the evidentiary hearing was originally set in March 2010 for April 2010.

Movant has also shown no reason, much less demonstrated excusable neglect, for his failure to have prepared a writ in sufficient time to have Flint testify in person at the evidentiary hearing.  The hearing has been continued many times.  On March 16, 2010, the undersigned set the evidentiary hearing on the instant motion for April 23, 2010 (DE # 15).  On March 26, 2010, the undersigned granted Movant's motion to continue the hearing, and reset the hearing to July 15, 2010 (DE # 18).  On June 9, 2010, the undersigned granted Movant's telephonic request to move the hearing to July 20, 2010 (DE # 20).  On June 24, 2010, the undersigned granted the government's request, and continued the hearing to August 3, 2010 (DE # 21).  Thus, Movant could have prepared a writ at any time after March 16, 2010 to bring Flint to Miami to testify at the hearing, but did not do so.  The undersigned also notes that Lorenzo Flint was not listed on Movant's witness list, which was filed on July 15, 2010 (DE # 22).

Finally, it appears that Flint's testimony at the hearing would be peripheral to the issues raised in the instant motion.

Therefore, after a careful review of the record, it is hereby

---

[1] The memorandum of law specifically states that after the trial, Hankins was housed with Harper's half brother, Lorenzo Flint, and that Flint told Harper's counsel that Hankins had stated to him that Harper had nothing to do with the Brownlee murder and that Harper did not drive the getaway vehicle.  Harper further stated that Bureau of Prison records could be examined to ascertain whether Flint and Harper were housed in the same prison at the same time (DE # 2 at 7).  Harper also stated that the contents of the letter had not been confirmed and that upon receipt of an affidavit from Flint, Harper would forward the affidavit to the Clerk for filing (DE # 2 at 7, n.2).  Movant never filed an affidavit from Flint.

**ORDERED AND ADJUDGED** that Movant's Motion to Allow Lorenzo Flint to Testify in Court via Telephone (DE # 26), is **DENIED**.

**DONE AND ORDERED** in chambers at Miami, Florida, on July 22, 2010.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
The Honorable K. Michael Moore
   United States District Judge
All counsel of record